# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID RIGSBEE and IKUYO RIGSBEE for B.R., a minor child. ) ) ) Petitioners, ) ) vs. ) ) OKLAHOMA DEPARTMENT OF ) HUMAN SERVICES, ) ) Respondent. ) | NO. CIV-06-0638-HE |

## ORDER

Petitioners, who are proceeding *pro se*, filed a combined petition for writ of habeas corpus and civil rights complaint.[1] Their claims arise out of a deprived-child proceeding in state court. They contend their minor child, B.R., has been unconstitutionally restrained by the Oklahoma Department of Human Services ("DHS") and deprived of liberty, and that the deprivation was tortious, retaliatory, and in violation of federal law and the United States and Oklahoma Constitutions.[2] The facts allegedly underlying the petitioners' claims are found in the affidavits attached to the petition.[3]

Consistent with 28 U.S.C. §636, the matter was referred to Magistrate Judge Gary M. Purcell, who has recommended that the motion to dismiss filed by the respondent be granted;

---

[1]*The court will refer to the pleading as a petition and to David and Ikuyo Rigsbee as petitioners.*

[2]*It appears, as the magistrate judge notes, that the complaint alleges claims on behalf of the minor and not the parents. However, due to the petitioners' pro se status, the court has liberally construed the petition to allege claims on behalf of both B.R. and his parents.* <u>Haines v. Kerner</u>, *404 U.S. 519, 520-21 (1972) (pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers).*

[3]As noted by the magistrate judge, the affidavits are not notarized.

that the request for habeas relief be denied for lack of jurisdiction; that the §1983 claims pertaining to the minor child be dismissed without prejudice for lack of jurisdiction, and that those pertaining to the petitioners, themselves, be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. The petitioners filed an objection[4] reurging arguments made to the magistrate judge.

The court has considered de novo the petitioners' claims, having reviewed, in addition to the Supplemental Report and Recommendation and the petitioners' objections to it, the court file, including the petition, the respondent's motion to dismiss and the petitioners' response. While differing slightly in its analysis of some of the petitioners' claims, the court generally agrees with the conclusions reached by the magistrate judge.

Initially, the court would note that the Rigsbees cannot represent B.R. in this action. Under Fed.R.Civ.P. 17(c) and 28 U.S.C. § 1654, "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986). However, even if B.R. were properly represented, his claims still would be dismissed.

The petitioners' § 1983 claims are based on conduct that occurred in August, 2003, when B.R. was removed from the home. *See* affidavits attached to petition.[5] As this action

---

[4]*Although the pleading [Doc. #21] is titled "Plaintiff''s Objection to Respondent's Motion to dismiss," the petitioners' objection was filed after the Supplemental Report and Recommendation was issued. The magistrate judge advised the petitioners of their right to object to his Supplemental Report and Recommendation and, as they have filed nothing further, the court has treated their September 15, 2006, pleading as responsive to the magistrate judge's Supplemental Report and Recommendation.*

[5]*Were it not for the affidavits, the petition would be dismissed under Fed.R.Civ.P. 12(b)(6), as it consists merely of conclusory allegations, rather than well-pled facts which*

was not filed until June 13, 2006, the claims are barred by the applicable two year statute of limitations.[6] *See* Williams v. Shields, 2003 WL 22351957, at *1 (10th Cir. October 16, 2003) (Oklahoma two year statute of limitations for personal injury actions applies to § 1983 claims).[7]

Even if the petitioners' § 1983 claims could be construed to encompass action taken by DHS after B.R.'s removal from the home that occurred in conjunction with, rather than prior to, the state custody proceedings ("post-removal claims"), the claims still would be dismissed. The court lacks subject matter jurisdiction over such claims, if asserted by petitioner David Rigsbee. His parental rights were terminated by journal entry filed on May 16, 2006, before this lawsuit was filed.[8] Therefore, any post-removal claims he might assert

---

*must be accepted as true.*

[6]*A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if it concludes that "'the plaintiff can prove no set of facts in support of his claim to entitle him to relief.'"* Ramirez v. Oklahoma Dep't of Mental Health, *41 F.3d 584, 586 (10th Cir. 1994) (quoting* Morgan v. City of Rawlins, *792 F.2d 975, 978 (10th Cir. 1986)). The well-pleaded allegations of the complaint are accepted as true and construed in the light most favorable to the plaintiff.* Ramirez, *41 F.3d at 586. When a complaint shows that the claims are time-barred, dismissal for failure to state a valid claim is appropriate.* Bullington v. United Air Lines, Inc., *186 F.3d 1301, 1310 n.3 (10th Cir. 1999) ("We note that Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period."). The petitioners state in their affidavits attached to the petition, that the conduct complained of occurred on August 18, 2003, and August 26, 2003.*

[7]Williams *is an unpublished decision cited for persuasive value only under 10th Cir. R. 36.3(B).*

[8]*Because of the handwritten note on the Journal Entry stating "D.A. to prepare final order," it is unclear whether the journal entry was a final judgment as to David Rigsbee's parental rights. However, the petitioners did not dispute DHS' assertion in its December 26, 2006, supplemental pleading that David Rigsbee's rights had been terminated and that he did not appeal that decision. They also did not challenge May 16, 2006, as the termination*

are barred by the Rooker-Feldman doctrine, which prohibits federal review of state court decisions. *See* Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280. 284 (2005); Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986).

Post-removal claims asserted by petitioner Ikuyo Rigsbee also would be dismissed because the court would have to abstain from considering them under Younger.[9] *See* Chapman v. Oklahoma, ___ F.3d ___ , ___ (10th Cir. Dec. 19, 2006). Three factors are considered when determining whether abstention is required by Younger: "whether (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Id. at ___*.

All three Younger conditions are met in this case. DHS has advised the court that, as to Mrs. Rigsbee, the deprived proceedings are ongoing.[10] The petitioners did not show, in response to DHS's abstention argument, "that the state court is not an adequate forum to hear [their] constitutional challenges to the state family court system." *Id.* at ___.[11] Third, "the Supreme Court has long held that '[t]he whole subject of the domestic relations of husband

---

*date.*

[9]*Younger v. Harris, 401 U.S. 37 (1971).*

[10]*There may also be an ongoing state habeas proceeding. See petitioners' response to respondent's motion to dismiss, Exhibits D, E. If that action should negate the applicability of the Rooker-Feldman doctrine to any § 1983 post-removal claims urged by petitioner David Rigsbee, then their dismissal would be required by Younger.*

[11]*The argument was made in DHS' motion to dismiss.*

4

and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" *Id.* at ___ (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)).

Finally, to the extent the petitioners seek habeas relief, the court lacks subject matter jurisdiction. Section 2254 of title 28, United States Code, does not confer federal courts with jurisdiction over child custody challenges. Lehman v. Lycoming County Children's Servs. Agency, 458 U.S. 502, 511-17 (1982); Anderson, 793 F.2d at 263.[12]

Accordingly, the respondent's motion to dismiss is **GRANTED**. The petitioners' §1983 claims premised on events that occurred in 2003, are dismissed with prejudice. To the extent the petitioners allege § 1983 claims based on DHS conduct occurring after B.R. was removed from the home, David Rigsbee's claims are dismissed with prejudice and Ikuyo Rigsbee's claims are dismissed without prejudice. The petition for writ of habeas corpus is dismissed with prejudice.

---

[12]*As noted by the magistrate judge, Lehman applies regardless of whether the child is in the custody of a foster parent or confined in a state institution. See e.g., U.S. ex rel. Mueller v. Missouri Div. of Family Servs., 123 F.3d 1021, 1023 (8th Cir.1997).*

**IT IS SO ORDERED**.

Dated this 4th day of January, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE